**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Action No. 1:21-CR-137 (RC) |
| BRIAN GUNDERSEN, | |
| Defendant. | |

## BRIAN GUNDERSEN'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MEMORANDUM IN AID OF SENTENCING

Mr. Brian Gundersen files this Reply to the Government's Response to his Memorandum in Aid of Sentencing.  In this Reply, Mr. Gunderson addresses the following points raised in the government's Response: Even assuming *arguendo* that non-judicial proceedings can involve the administration of justice for purposes of USSG §2J1.2(b[1]), as a factual matter, the 8-level enhancement does not apply because Mr. Gunderson did not cause or threaten to cause physical injury *in order*

---

[1] Mr. Gunderson submits that §2J1.2(b) does not apply as a legal matter. See Def. Memo at 5-9.  In its Response, the government relies upon this Court's previous rulings on.  But that reliance is misleading as this Court has apparently never squarely addressed this objection. While this Court applied it *Andries*, in that case, the defense stipulated to its application in the plea agreement. A review of the docket in *Fitzsimons* shows that the objection was not raised. Thus, it appears that this Court has never square addressed the objection Mr. Gunderson raises. See Def .Memo at 5-9 (citing Judge McFadden's opinion in *United States v. Seefried*).

*to obstruct* the administration of justice. Mr. Gundersen also supplements his memorandum with letters in support of him and his history and characteristics.

## Argument

### I.     U.S.S.G. §2J1.2(b)(1)(B) does not apply factually.

Even accepting the government's characterization of Mr. Gunderson's conduct outside the Capitol, after he left the building and was leaving the area, the 8-level enhancement does not apply factually because Mr. Gunderson did not threaten physical injury "in order" to obstruct the administration of justice. The government omits the enhancement's requirement that the threat to cause physical injury has to be done with an intent to obstruct the administration of justice, instead arguing that Mr. Gundersen's "presence as part of the mob had a direct casual relationship with the delay of the certification" ECF No. 56 at 18.  But were this sufficient to apply the enhancement, an extraordinary addition of 8 levels, the exception would swallow the rule. Tellingly, the government cannot point to any evidence that Mr. Gunderson's interaction outside the Capitol—*as he was leaving the area*—was done with any intent to obstruct the administration of justice, which according to the government is the certification of the vote.

The cases cited by the government do not further its argument.  To counsel's knowledge, no District Judge has applied the 8-level enhancement when the assaultive conduct or property destruction occurred **subsequent to** the acts underlying the obstruction offense.  For example, in *United States v. Rubenacker,* 21-cr-193 (BAH), the defendant assaulted officers in order to gain entry into the Capitol.

Judge Friedrich directly addressed the importance of the defendant's intent in addressing the eight-level enhancement and determined that the government fell short of its burden of proof. *United States v. William Reid,* 21-cr-316 (DLF). Judge Friedrich rejected the government's argument that the obstruction of justice enhancement applied because the defendant destroyed a television in Speaker Pelosi's suite's bathroom. The judge found that the government had not proven the defendant's "state of mind" and thus did not demonstrate that he had destroyed the property *in order to* obstruct the administration of justice, as the guideline requires. Rather, Judge Friedrich found that he acted out of anger and rage. *Reid,* Sentencing Hearing Tr., 12/7/22 at 22. In an exchange with the prosecutor, she framed what proof was required:

> "[I]t's your burden to prove that he had this intent. It's 'causing or threatening to cause physical injury' –(you don't have) that – 'or property damage' – (that's all you have in this case)… "in order to obstruct the administration of justice."

*Id.* at 22.[2]

---

[2] Judge Friedrich ultimately ruled:

> To make you feel better, even if I were to apply this, I would be varying a great deal, because I think that this is such small-scale isolated damage, and he could have done so much more, as many others did in the building. There are many aggravating factors in his case. I don't view this as the driver here.

> So that's why I'm finding – it is your burden, and I think it's a bit of a stretch to apply the plus 8, given that it's the government's burden to prove that he caused this property damage in order to obstruct the administration of justice.

*Reid*, 12/07/22 at 26.

Judge Friedrich reiterated the importance of intent when the government posited that in cases involving assaulting officers, intent would be demonstrated *per se*, and that there would be no question that the enhancement applied. Judge Friedrich was not persuaded and replied that even with assault, the enhancement requires that the intent of those individuals would be "to get in the building." *Id.* at 26-27.

Similarly, here, the government fails to prove that Mr. Gundersen's intent was to "get in the building." Nor could they – Mr. Gundersen's assaultive conduct occurred as he was leaving. Instead, the government replaces facts with speculation, first arguing that "Gundersen had no idea at the time of his assault whether or not he would be successful in entering a third time." ECF No. 56 at 16. But there is no evidence that Mr. Gundersen wished to enter a third time and the timeline events show that Mr. Gundersen was leaving. Next, the government argues that a "motivation of vengeance or retaliation after the fact is also sufficient." But the government does not and cannot offer facts that demonstrate that Mr. Gundersen felt vengeful or wanted to retaliate against the police. Third, the government tests an apparent aiding and abetting theory and imputes the actions of individuals who destroyed property in the Parliamentarian's Office. But aiding and abetting requires the proof of shared intent[3] and Mr. Gundersen, who destroyed no property despite the opportunity to do so, had no such intent. Finally, the government argues that Mr. Gundersen's "later retreat into the crowd is irrelevant." ECF 56 at 15. But again,

---

[3] *See D.C. Criminal Jury Instruction No. 3.200.*

the government misses the point.  The government is *required* to demonstrate Mr. Gundersen's intent and state of mind and to show that he acted *in order to* obstruct the administration of justice.[4]   Mr. Gundersen's retreat into the crowd and subsequent departure from the Capitol shows there is simply no nexus between his interaction with the officer outside the Capitol and the certification of the vote. Because the government cannot show that Mr. Gundersen's intent at the time of the physical contact was to obstruct the administration of justice, the 8-level enhancement cannot apply.

The government also argues that Judge Howell's jury instructions in *United States v. Herrera*, requires this Court to apply the obstruction enhancement where the defendant had a lawful purpose for his conduct simultaneous to an unlawful intent to obstruct justice. The government's reliance on the substantive jury instruction is inapposite here. The plain reading of the guideline makes clear that for the enhancement to apply, at a minimum, Mr. Gunderson must have threatened to cause physical injury *with an intent to obstruct the administration justice. See United States v. Calvert*, 511 F.3d 1237, 1240 (9th Cir. 2008)(recognizing that 2J1.2(b)(1)(B) "only applies where the defendant acts with an intent to obstruction the administration of justice" and finding that defendant's intent to physically harm a witness in retaliation triggered the enhancement). There is no evidence that

---

[4] As argued in his original memorandum, Mr. Gundersen also did not have the requisite intent to threaten or injure - when faced with an officer unprotected by a riot shield, he retreated rather than advanced.  These actions corroborate Mr. Gundersen's statement that he did not intend to injure the officer but simply wanted to "bump a riot shield."

5

Gunderson's brief interaction with the officer outside the Capitol after he was leaving was with the intent to obstruct the vote. Therefore, the enhancement cannot apply as a factual matter.

## II.     Mr. Gundersen's Proper Guideline Calculation

As the government points out, should the Court agree that the §2J1.2 enhancements do not apply, Mr. Gundersen's guideline range would differ from the calculations of the PSR and the government.  ECF No. 56 at 17 n. 4.  Mr. Gundersen's offense level, with acceptance of responsibility under Assault Guideline §2A2.4(a) would be 8.[5]  Under the Obstruction Guideline §2J1.2(a), Mr. Gundersen's offense level would be 12 after the adjustment for acceptance of responsibility.  Under the guidelines grouping rules, the greater range, §2J1.2(a) would apply and Mr. Gundersen's Guideline range would be 10 to 16 months.

## Conclusion

Brian Gundersen is attempting to rehabilitate himself for his actions on January 6th.  Mr. Gundersen had no desire to harm or threaten the police in order to obstruct the administration of justice and instead acted on a whim as he was leaving the Capitol. He deeply regrets his conduct on January 6 and regrets that he was part of such a terrible day in our nation's history.

---

[5] The Presentence Report incorrectly employs the aggravated assault guideline §2A2.2(a) even though there was no evidence of aggravated assault.  The correct guideline is for Obstructing or Impeding Officers (§2A2.4).  Under the commentary, the enhancement for a public official does not apply because it is incorporated into the base of offense level.  U.S.S.G. §2A21.2, Cmt 2.

In applying all the §3553 factors, counsel submits that a sentence of time-served in addition to a lengthy period of supervised release would be sufficient but no greater than necessary.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500