UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-137-RC |
| v. : | |
| : | |
| BRIAN GUNDERSEN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Gundersen's motion (ECF 73), seeking release pending appeal in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 860578 (Dec. 13, 2023). Regardless of the outcome in *Fischer*, Gundersen cannot meet his burden of proving that a successful challenge to his Section 1512(c)(2) conviction would result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

## FACTUAL BACKGROUND

The government refers to its sentencing memorandum for the background facts of Gundersen's criminal conduct on January 6, 2021 (ECF 54).

On November 9, 2022, Gundersen was convicted after a trial on stipulated facts of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count One) and Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Count Two).

On July 25, 2023, this Court sentenced Gundersen to 18 months of imprisonment on Count One and 18 months of imprisonment on Count Two, to run concurrently, followed by 36 months of supervised release (ECF 61).

## ARGUMENT

**The Court Should Not To Release Gundersen Pending Appeal**

Under 18 U.S.C. § 3143(b), a defendant sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed"). The defendant bears the burden of establishing his entitlement to release pending appeal. *See id.* at 555-56 ("We adopt the latter, more demanding standard, because it appears better to accord with the expressed congressional intent to increase the required showing on the part of the defendant."); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

Gundersen fails to meet the § 3143(b) standard. Even if a *Fischer*-related appeal raises a "substantial question," he cannot meet his burden of showing that a reversal of his conviction for violating Section 1512(c)(2) would likely lead to a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Regardless of the outcome of *Fischer*, Gundersen was sentenced to 18 months of incarceration for

assaulting a police officer in violation of 18 U.S.C. § 111, a statute that is not at issue in the *Fischer* appeal. A decision in *Fischer* is expected by June 2024, about eight months after Gundersen's reporting date of November 2, 2023. Therefore, Gundersen's appeal will likely be resolved before he has finished serving his time on Count Two and a reversal of his Section 1512(c)(2) count would not likely result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." And the statute makes clear that the defendant should remain incarcerated until the Court has found that the defendant has served "the likely reduced sentence" that would result from the dismissal of the 1512(c)(2) count. 18 U.S.C. § 3143(b) (explaining that when contemplating release under 3143(b)(1)(B)(iv), the judicial officer "shall order the detention terminated at the expiration of the likely reduced sentence.").

Even if there were a need to resentence Gundersen following the Supreme Court's decision in *Fischer*, and even if the court recalculated the applicable guideline range independent of the Section 1512(c)(2) conviction, under Gundersen's own calculations, he would be facing a sentencing range of 8 to 14 months on Count Two. Even at the low end of this range, Gundersen would still be appropriately serving a prison sentence on Count Two by the time a decision in *Fischer* is expected.

And there is no reason to believe it likely that the Court would impose an eight-month, bottom-of-the-Guideline sentence in any event. Gundersen's assumption that the Court would "likely" give him a lower sentence is unfounded. Gundersen has shown no interdependence between the court's sentences on Counts One and Two, and removal of the sentence on Count One does not cast doubt on the correctness of the sentence on Count Two. Indeed, the Court's sentence on Count Two was based on many factors, all of which would still exist even if Count One were

vacated. For example, under its discretionary weighing of the § 3553(a) factors, the Court appropriately considered that Gundersen came to the Capitol, not for a peaceful protest, but expecting to "bum rush the white house and take it over." He shouted at police officers and entered the Capitol twice. After leaving the Capitol, he remained in the mob of rioters, trying to reenter the building. In addition, Gundersen's assault was not random, but part of an effort to stop officers from clearing rioters out of the Northwest Courtyard. His violent conduct incited and emboldened other violent rioters around him. After the riot, rather than feeling remorse, Gundersen was proud of his actions. He justified his "resort to violence" and called himself and the other rioters "heroes" and "patriots" who tried to "take over the government" by "bum rushing the capitol building." Even without Count One, this conduct is extremely aggravating and sets Gundersen's assault apart from ordinary § 111 violations. Combined with the serious need for general and specific deterrence, the need to promote respect for the law, and the need to avoid unwarranted sentencing disparities, the Court's 18-month sentence was amply justified, and Gundersen has not demonstrated that he would "likely" receive a lower sentence, let alone a sentence lower than 8 months of incarceration.

**CONCLUSION**

For these reasons, the government respectfully submits that the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ ROBERT JUMAN*
Robert Juman
Assistant United States Attorney
Bar No. NJ 033201993
United States Attorney's Office, Detailee
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (786) 514-9990
Email: Robert.juman@usdoj.gov