UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-137 (RC) |
| | : | |
| BRIAN GUNDERSEN, | : | Re Document No.: 73 |
| | : | |
| Defendant. | : | |

**ORDER**

**GRANTING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

On November 9, 2022, after a stipulated bench trial, the district court[1] found Defendant Brian Gundersen guilty as to Count 1 (18 U.S.C. § 1512(c)(2)) and Count 2 (18 U.S.C. § 111(a)) of the second superseding indictment. *See* Min. Entry (Nov. 9, 2022). On July 26, 2023, the Court sentenced Gundersen to 18 months of imprisonment and 36 months of supervised release on each count, with the sentences to run concurrently. *See* Judgment at 2, ECF No. 61. Thereafter, Gundersen self-surrendered to the Bureau of Prisons.

Before the Court is Defendant's Motion for Release Pending Appeal ("Mot."), ECF No. 73. The Government has filed a brief in opposition. *See* Gov't's Resp. Opp'n Def.'s Mot. Release Pending Appeal ("Gov't's Opp'n"), ECF No. 74. For the reasons explained below, Defendant's motion is granted.

Under 18 U.S.C. § 3143(b)(1), a court "shall order the release" of an individual pending appeal if it finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to

---

[1] Defendant's trial was presided over by District Court Judge Thomas Hogan, but Defendant's case was later randomly reassigned to this Court.

result in," as relevant here, "reversal . . . [or] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). "Defendants bear the burden of showing that both statutory prongs are met." *United States v. Bender*, No. 21-cr-508, 2024 WL 960999, at *3 (D.D.C. Mar. 6, 2024) (citing *United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam)).

The Court finds by clear and convincing evidence that Defendant is not likely to flee and would not pose a danger if released. The Court makes this finding based on Defendant's prior conduct. From January 27, 2021, until the day he reported to prison, Gundersen was released on conditions and a personal recognizance bond. Mot. at 4. For over two and a half years, Gundersen complied with all pretrial release conditions, appeared for hearings, and eventually self-surrendered to the Bureau of Prisons. *Id.* Defendant also has ties to his community and has been undergoing mental health treatment. *Id.* at 5. Accordingly, the Court finds that Defendant is not likely to flee and would not pose a danger if released.[2] The Court also finds that Defendant's appeal is not for the purpose of delay.

The next question is whether Gundersen's appeal "raises a substantial question of law or fact." 18 U.S.C. § 3143(b)(1). Gundersen argues on appeal that his conduct does not fall within the scope of 18 U.S.C. § 1512(c)(2) and that the scope of that section "raises a substantial question." Mot. at 5–7. "[A] substantial question" means "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555–56 (quotation marks and citations omitted). This is a "demanding standard . . . to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id.* The question on appeal—*i.e.*,

---

[2] The Court observes that the Government does not contend that Defendant is a flight risk or that Defendant would pose a danger if released. *See* Gov't's Opp'n at 2–4.

whether the conduct for which Defendant has been convicted in Count 1 falls within the ambit of § 1512(c)(2)—satisfies this standard.  *See Bender*, 2024 WL 960999, at *4; *United States v. Sheppard*, No. 21-cr-203, 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024); *United States v. Adams*, No. 21-cr-354, 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024).

Judge Hogan previously rejected Gundersen's reading of 18 U.S.C. § 1512(c)(2) after considering his Motion to Dismiss Count 1.  *See* Min. Entry (Sept. 19, 2022) (denying Defendant's Motion to Dismiss Count 1); Mot. to Dismiss Count 1, ECF No. 37.  And that holding is consistent with subsequent rulings by the D.C. Circuit in *United States v. Fischer*, 64 F.4th 329, 350 (D.C. Cir. 2023), and *United States v. Robertson*, 86 F.4th 355, 381 (D.C. Cir. 2023).  Be that as it may, the Supreme Court has since granted certiorari to resolve whether § 1512(c)(2) applies to "acts unrelated to investigations and evidence."  *See Fischer v. United States*, 144 S. Ct. 537 (2023) (granting petition for writ of certiorari); Pet. Writ of Certiorari § i, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023) (presenting question whether "the D.C. Circuit err[ed] in construing 18 U.S.C. § 1512(c) . . . which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence").

The question raised by *Fischer* cuts to the core of Defendant's conviction—whether his conduct in the Capitol is prohibited by § 1512(c)(2).  Like the defendant in *Fischer*, Gundersen was convicted after trial based on evidence that he obstructed Congress's electoral vote certification by rioting at the U.S. Capitol.  If the Supreme Court decides as Judge Nichols did in the *Fischer* trial court decision, or as Judge Katsas opined in his dissent in *Fischer* at the D.C. Circuit, Gundersen's conduct would likely not come within the scope of the statute, and the § 1512(c)(2) conviction would be reversed.  The Supreme Court's grant of certiorari in *Fischer*

3

suggests that the question whether § 1512(c)(2) covers rioting in the Capitol is a "close question or one that very well could be decided the other way." *See Perholtz*, 836 F.2d at 556. As another Judge in this District recently noted in reaching the same conclusion, "it takes four justices to grant certiorari and, although this court will not attempt to read tea leaves, the Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'" *Adams*, 2024 WL 111802, at *2. The Court agrees that the Supreme Court's grant of the petition for writ of certiorari in *Fischer* indicates that a "substantial question" exists as to the validity of Gundersen's § 1512(c)(2) conviction.

That said, "[t]he substantial question as to [Gundersen's] § 1512(c)(2) conviction does not automatically entitle him to immediate release." *Sheppard*, 2024 WL 127016, at *4. To prevail on his motion, Gundersen must demonstrate that reversal of the § 1512(c)(2) conviction is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

Here, a reversal of Defendant's § 1512(c)(2) conviction *would* likely result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *See id.* When originally calculating the combined Guidelines range for Counts 1 and 2, the Court tallied the range at 21–27 months, before determining that a downward variance of three months was appropriate.[3] *See* Tr. of Sentencing at 11–12, ECF No. 72. However, the applicable Guidelines range would look quite different

---

[3] The Court reached this range by finding that the offense level for Count 1 was 17, adding two unit points pursuant to U.S.S.G. 3D1.4 to account for Count 2, and then subtracting three points for acceptance of responsibility, leading to a total offense level of 16 with a criminal history category of I. *See* Tr. of Sentencing, at 7–8, 11.

4

without the § 1512(c)(2) conviction.[4]  At sentencing, the Court calculated that the base offense level for Count 2 (the § 111(a) count of conviction), by itself, was only 13.  *See id.* at 7, 11–12.  If assessed independently, the total offense level for Count 2 would be 11[5] and Defendant would fall under criminal history category I, meaning that the Guidelines range for Count 2 would be 8–14 months.

In the event Defendant's § 1512(c)(2) conviction is reversed, the Court would recalculate the Guidelines range solely for Defendant's § 111(a) conviction.  It is likely that the Court would again determine that a downward variance below the Guidelines range of 8–14 months is appropriate, and the Court would likely sentence Defendant to approximately six months of imprisonment.  Given that Defendant reported to prison on November 2, 2023, *see* Gov't's Opp'n at 3, and it is unlikely that Defendant's appeal will be decided before June 2024—when the Supreme Court is expected to release its opinion in *Fischer*—it is likely that reversal of Defendant's § 1512(c)(2) conviction would result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  *See* 18 U.S.C. § 3143(b)(1)(B)(iv).  Because the Court finds that reversal is likely to lead to a sentence shorter than the time served plus the remaining duration of the appeals process, § 3143(b)(1)(B) directs the Court to "order [Defendant's] detention terminated at the expiration of the likely reduced sentence."  *Id.* § 3143(b)(1)(B).  As the Court observed

---

[4] Indeed, if recalculated, the applicable Guidelines range would likely look different even with the § 1512(c)(2) charge because, based on that charge, the Court originally added 3 points for the special offense characteristic of interference with the administration of justice under U.S.S.G. § 2J1.2(b)(2).  *See* Tr. of Sentencing at 10.  And the D.C. Circuit has subsequently held that this specifical offense characteristic does not apply to conduct interfering with "Congress's counting and certification of electoral college votes."  *See United States v. Brock*, 94 F.4th 39, 59 (D.C. Cir. 2024).

[5] Two points are deducted from the offense level for acceptance of responsibility.

5

above, the likely reduced sentence would be approximately six months.  Defendant reported to prison on November 2, 2023, nearly six months ago.  Accordingly, the Court determines that Defendant has satisfied the requirements of 18 U.S.C. § 3143(b)(1) and that Defendant should be released.[6]

For the foregoing reasons, Defendant's motion for release pending appeal (ECF No. 73) is **GRANTED**.  It is hereby **ORDERED** that Defendant shall be released forthwith and that Defendant shall report to the U.S. Probation Office in his district of residence within 48 hours of his release.  It is **FURTHER ORDERED** that the parties shall file a joint status report within three weeks of the Supreme Court issuing its decision in *Fischer* to address what, if any, further proceedings will be necessary.

**SO ORDERED**.

Dated:  April 30, 2024                                                                                    RUDOLPH CONTRERAS
                                                                                                                          United States District Judge

---

[6] The Court reminds the parties that this opinion does not constitute a resentencing.  The Court has calculated its likely sentence if Defendant's § 1512(c)(2) sentence is vacated, but it has not finally decided what sentence it would impose.  The Court may ultimately conclude that a further period of incarceration is warranted upon a potential remand after a decision in *Fischer* that favors Defendant.  And if the Supreme Court affirms in *Fischer*, Defendant will have the remainder of his 18-month sentence yet to serve.